GUSTAV WHITE AND ANOTHER, APPELLANTS, v. JONAS HEIMERDINGER AND JULIA HEIMERDINGER, RESPONDENTS.

*Sales — a credit given upon the faith of a letter promising to keep certain money at the risk of a business — confession of judgment for the amount of such money — bad as to creditors.*

A mother, in order to give her son credit, wrote a letter as follows:

"NEW YORK, *January* 25, 1889.

"TO WHOM IT MAY CONCERN: — That I, Mrs. Julia Heimerdinger, have loaned my son, Jonas Heimerdinger, ten thousand dollars, to be paid back at his option, and leave same to him, at the risk of his business, for five years.

"JULIA HEIMERDINGER."

The son delivered the letter to a commercial agency, where it was seen by persons who, upon the faith of it, sold goods to the son, who failed in 1889 and confessed judgment in favor of his mother for this sum, which exhausted his assets.

*Held,* that the confession was void as to the creditors.

That a contractual relation was created between the mother and vendors, to whom the letters were shown, by which she agreed that if they extended credit to her son she would allow the sum of $10,000 to remain in the business, subject to all its exigencies, for the term of five years.

APPEAL by the plaintiffs, Gustav White and Simon Oberfelder, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 5th day of May, 1891, dismissing the complaint upon the merits after a trial before a referee.

*Henry I. Landon,* for the appellants.

*Alexander Blumenstiel,* for the respondents.

LAWRENCE, J. :

The letters signed by Julia Heimerdinger, the mother of Jonas Heimerdinger, were undoubtedly given for the purpose of enabling Jonas to obtain credit in his business. The first letter, which is dated January, 1889, reads as follows :

*"January,* 1889.

"To WHOM IT MAY CONCERN : — That I, Mrs. Julia Heimerdinger, have loaned my son, Jonas Heimerdinger, ten thousand dollars, to be paid back at his option, and leave same to him at the risk of his business. "JULIA HEIMERDINGER."

The second letter reads as follows :

"NEW YORK, *January* 25, 1889.

"To WHOM IT MAY CONCERN : — That I, Mrs. Julia Heimerdinger, have loaned my son, Jonas Heimerdinger, ten thousand dollars, to be paid back at his option, and leave same to him at the risk of his business for five years. "JULIA HEIMERDINGER."

To these letters a statement of the assets and liabilities of Jonas were attached. The first letter was delivered to the mercantile agencies of Bradstreet and Dunn. When the letter was shown to the representative of Dunn's agency he told Jonas Heimerdinger

that the loan would have to be paid into the business for a specified time, or that he would have to make a special partnership and have his mother come in as a special partner, and that it would be necessary for Mrs. Heimerdinger, to make it of any available use, to have a specific term put in, and that it should be acknowledged. It was after this conversation with the representative of Dunn's agency that the letter dated January 25, 1889, was delivered to such representative by Jonas Heimerdinger. The evidence establishes that these letters and statements were submitted to the plaintiffs in this action, and that the plaintiffs relied upon all the said written or printed statements, and the said letters attached thereto, in making the sales to Jonas Heimerdinger, and would not have made the same had it not been for such statements and letters and the communication of the contents thereof to them by said mercantile agencies.

The referee, before whom the cause was tried, finds that from February 4, 1889, to September 28, 1889, plaintiffs sold to defendant Jonas Heimerdinger merchandise of the value and of the amount of $1,249.13, upon which, after deducting cash paid and merchandise returned, there was a balance due and unpaid from the defendant Jonas Heimerdinger to the plaintiffs, before the month of December, 1889, of $445.62. He also finds that in the said month of December, 1889, the defendant Jonas Heimerdinger became insolvent and owed the sum of nearly $6,000 to his creditors, and failed in business, which said sum still remains due and unpaid by him to his said creditors; that on the 20th of December, 1889, he confessed judgment in favor of his mother for the sum of $10,016.62, which judgment was duly entered in the office of the clerk of the city and county of New York, was duly docketed and execution was duly issued thereon to the sheriff of the county of New York, and thereupon the said sheriff collected and paid over to the defendant Julia Heimerdinger, out of the property of Jonas Heimerdinger sold by him under such execution, the sum of $6,531.56. It is also found by the referee that on the 20th day of December, 1889, when Jonas confessed judgment to his mother, he knew that he was insolvent and indebted to creditors in the sum of nearly $6,000. It is further found by him that the defendant Julia Heimerdinger subscribed the letters above referred to, with the intent and purpose that they should be shown to the mercantile agencies of the city of

New York. He also finds that the confession of judgment was not made with any intent, on the part of the defendant Jonas Heimerdinger, to give unlawful preference to the defendant Julia Heimerdinger over his other creditors, nor for the purpose of hindering, delaying, cheating or defrauding the said plaintiffs or any other creditors; and that said confession was made for the purpose only of paying an honest and *bona fide* debt.

It is difficult to see how it can be claimed, on this state of facts, that it was within the power of Jonas Heimerdinger, after the letters and statements above referred to had been communicated to the plaintiffs, to make a confession of judgment in favor of his mother which would swallow up all his available assets and leave nothing for his other creditors. It is perfectly clear that it was the intention of Mrs. Heimerdinger to lead the plaintiffs and all others, who might see and rely upon her letters, to believe that the $10,000 which she had lent to her son was to be at the risk of the business and subject to all its hazards and vicissitudes, otherwise it could be a matter of no importance to the creditors of Jonas whether his mother had or had not loaned him that sum. If that sum was liable to be withdrawn at any moment and repaid by him, the security of the creditors was thereby lessened and reduced. The change which was made in the phraseology of the first and second letters, so as to state a specific time for which the loan was to be continued, was made at the instigation of Dunn's agency and for the express purpose of making his financial condition appear sounder to the creditors.

We do not deny the doctrine which is laid down in the cases referred to by the learned referee, to the effect that a debtor may at any time waive an unexpired credit upon any demand against him, and allow his creditor to take judgment immediately for the sum due to him. Those were cases, however, as we understand them, in which the rights of third parties did not intervene. Here it may well be held, as claimed by the counsel for the appellant, that there was a contractual relation between the defendant, Julia Heimerdinger, and the plaintiffs and the other creditors of Jonas, to whom the letters might be shown, in and by which Julia Heimerdinger agreed that in consideration of plaintiffs extending credit to the defendant Jonas, the $10,000 loan should be allowed to remain in the business, subject to all the exigencies thereof, for the period

of five years.   We think, therefore, that the plaintiffs have established a cause of action against the defendant, Julia Heimerdinger, and that they are entitled to a judgment against her, that the amount of their judgment against the defendant, Jonas Heimerdinger, be paid out of the proceeds of the sale of the latter's goods.

For these reasons we are of opinion that the judgment below should be reversed, and a new trial ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment reversed and new trial ordered, with costs to appellants to abide event.